UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CAROLINA CARRASQUERO,<br><br>Plaintiff,<br><br>v.<br><br>VOYA INSTITUTIONAL PLAN SERVICES, LLC,<br><br>Defendant. | Case No.: 3:21-cv-01181-HES-PDB |

## JOINT MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

Plaintiff Carolina Carrasquero ("Plaintiff") and Defendant Voya Institutional Plan Services, LLC ("VIPS" or "Defendant") (collectively, the "Parties"), by and through undersigned counsel, jointly move to compel this matter to arbitration and indefinitely stay the case, and in support thereof state as follows:

### MEMORANDUM

### I.   Background

This litigation arises out of Plaintiff's former employment with VIPS. Plaintiff has alleged claims of sex and national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. Plaintiff alleges that she was employed as a Bilingual Customer Contact Center Manager by VIPS from December 2016 until her employment was terminated on June 29, 2017. Prior to

beginning employment with VIPS, Plaintiff entered into a Mutual Agreement to Arbitrate Claims (the "Agreement"), attached hereto as **Exhibit 1**.

In pertinent part, the Agreement provides as follows:

### 2.      Employee Acknowledgments.

a.      I recognize that disputes may arise between Voya Financial, Inc., including its subsidiaries and affiliates, (together, "the Company") and me in connection with my application for employment or during or following my employment with the Company, and that those differences may or may not be related to my employment. I understand that the Company is requiring me, as a condition of my employment or continued employment with the Company, to arbitrate claims in accordance with the procedures set forth in this Mutual Agreement to Arbitrate Claims ("Agreement").

Further below, in Section 4, the Agreement expressly notes that all of the following claims must be arbitrated:

(a). Claims Covered by This Agreement.

(1) The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, whether or not arising out of my employment (or its termination), that the Company may have against me or that I (and no other party) may have against any of the following: (i) the Company, (ii) its officers, directors, employees or agents in their capacity as such or otherwise, (iii) the Company's parent, subsidiary and affiliated entities, (iv) the Company's benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates and agents, and/or (v) all successors and assigns of any of them.

(2) The only claims that are arbitrable are those that are recognized under applicable federal, state, local, or international law. Arbitrable claims include, but are not limited to: claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for retaliation or discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition); claims for benefits (except as provided below); and claims for violation of any

federal, state, or other governmental law, statute, regulation, or ordinance (except as provided below).

(3) Neither I nor the Company will have the right to a jury with respect to any claim covered by this Agreement. The agreement to arbitrate under this Agreement remains applicable even if I am no longer employed by the Company at the time the arbitration is initiated.

Finally, the Agreement identifies the types of claims that need not be arbitrated as follows:

(1) This Agreement does not prohibit the filing of or pursuit of relief through the following: (i) a court action for temporary equitable relief in aid of arbitration, where such an action is otherwise available by law, (ii) an administrative charge to any federal, state or local equal employment opportunity or fair employment practices| agency, (iii) an administrative charge or other complaint or petition to the National Labor Relations Board, (iv) an agency charge or complaint to exhaust an administrative remedy, or (v) any other charge filed with or communication to a federal, state or local government office, official, or agency. If any government or administrative office, official, or agency issues me a "right to sue" letter or other notice releasing me to pursue my claims privately, however, I agree to pursue them in arbitration in accordance with this Agreement.

(2) In addition, the following claims are not covered by this Agreement: (i) claims for workers' compensation or unemployment compensation benefits; (ii) claims that as a matter of law cannot be subject to arbitration; and (iii) claims under an employee benefit or pension plan that specifies a different arbitration procedure.

As set forth below, the Parties agree that Plaintiff's claims are subject to the Agreement, the Agreement is enforceable, and no legal constraints external to the Agreement prevent enforcement. Accordingly, the Parties jointly request that the Court enter an Order compelling this matter to arbitration and staying the proceedings pending resolution of the arbitration.

4872-6651-3674

II.   **<u>Argument</u>**

In enacting the FAA, "Congress sought to manifest a federal policy in favor of arbitration agreements." *Fla. Farm Bureau Ins. Cos. v. Pulte Home Corp.*, 2005 U.S. Dist. LEXIS 21903 at *10 (M.D. Fla. June 6, 2005). Consistent with that policy, the FAA provides that arbitration agreements generally "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. This is "a congressional command requiring [courts] to enforce, not override, the terms of the arbitration agreements." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018). To give effect to this clear congressional command, a federal court overseeing "any issue referable to arbitration under an agreement in writing for such arbitration . . . *shall* . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (emphasis supplied).

The determination of the propriety of a motion to compel arbitration pursuant to Section 4 of the FAA is a two-step inquiry. First, the Court must determine whether the parties agreed to arbitrate the dispute; and second, the Court must decide whether "legal constraints external to the parties' agreement foreclosed arbitration." *Klay v. Pacificare Health Sys., Inc.*, 389 F.3d 1191, 1200 (11th Cir. 2004) (citation omitted). Notably, throughout the inquiry, the court must apply a presumption in favor of arbitrability, such that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (citation omitted).

4872-6651-3674

### A.      Plaintiff Executed a Valid and Enforceable Agreement to Arbitrate

First, the Court must determine whether "the making of the agreement for arbitration or the failure to comply therewith is . . . in issue." *Lawhon v. Aaron's, Inc.*, 2020 U.S. Dist. LEXIS 80703, *18-19 (M.D. Fla. May 7, 2020) (quoting 9 U.S.C. § 4). Whether an arbitration agreement exists is a matter of contract, *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016), which is governed by state law, *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1346 (11th Cir. 2017). "Even when applying state law, the federal policy favoring arbitration is generally considered. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005). Under Florida law, a contract is formed when there is "offer, acceptance, consideration and sufficient specification of essential terms." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004).

The Eleventh Circuit applies a "summary judgment-like standard" when determining the existence of an arbitration agreement. *Bazemore*, 827 F.3d at 1333. As such, "a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if there is no genuine dispute as to any material fact concerning the formation of such an agreement." *Id.* (internal quotation marks omitted). A dispute is not "genuine" if it is "unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Id.*

**Offer**: Presentation of the arbitration agreement to Plaintiff constituted an offer. *See, e.g. Robson v. D.R. Horton*, 2021 U.S. Dist. LEXIS 152326, at *36 n.21 (M.D. Fla. Aug. 12, 2021); *Tuttle v. Credit Acceptance Corp.*, 2018 U.S. Dist. LEXIS 222802, at *5 (M.D. Fla. Oct. 31, 2018) ("The arbitration agreement in this case represented Defendant's offer to submit any claim arising out of the [contract] to arbitration.").

**Acceptance**: Plaintiff accepted VIPS's offer on November 20, 2016**,** when she electronically signed the Agreement by drawing her signature on the signature page and initialing each individual page of the agreement. **Ex. 1**. Electronic signatures are valid under Florida law. *Haire v. Fla. Dep't of Agric. & Consumer Servs.*, 870 So. 2d 774, 789 (Fla. 2004); *see also Curbelo v. Autonation Benefits Co.*, 2015 U.S. Dist. LEXIS 18788**,** at *7 (S.D. Fla. Feb. 13, 2015) (holding that the arbitration agreement signed electronically was valid and enforceable).

Even if Plaintiff's signature did not constitute acceptance, Plaintiff's continued employment with VIPS after receiving the Agreement constituted acceptance. *See, e.g. Caley*, 428 F.3d at 1374-75 (an employee's act of continued employment constituted acceptance of an arbitration policy). In Florida, it is well-settled that the offeror may specify the terms and manner of acceptance." *Dorward v. Macy's, Inc.*, Case No. 2:10-cv-669-FtM-29DNF, 2011 U.S. Dist. LEXIS 78639, 2011 WL 2893118, at *9 (M.D. Fla. July 20, 2011) (quoting *Gibson v. Courtois*, 539 So.2d 459, 460 (Fla. 1989)). Thus, "[a] contract may be binding on a party even in the absence of that party's signature if the parties assented to the contract in

6

another manner." *Lawhon*, 2020 U.S. Dist. LEXIS 80703, at *25. In addition to a signature, the Agreement specified that Plaintiff's beginning or continuing employment with VIPS constituted acceptance. **Ex. 1**, § 11(a). It is undisputed that Plaintiff began and continued employment after November 20, 2016. (Compl. ¶ 6).

**Consideration**: The Agreement contained two forms of consideration. First, VIPS's mutual agreement to arbitrate its claims against Plaintiff provided sufficient consideration. *Tranchart v. Ritz Carlton Hotel Co., LLC*, Case No. 2:10-cv-233-FtM-29DNF, 2011 U.S. Dist. LEXIS 35099, 2011 WL 1230734, at *4 (M.D. Fla. Mar. 30, 2011) ("In Florida, one party's promise to submit its claims to arbitration typically provides sufficient consideration to support the other party's promise to submit its claim to arbitration."); *Lawhon*, 2020 U.S. Dist. LEXIS 80703, at *33 ("Defendant's promise to submit its claims to arbitration constitutes sufficient consideration to support Plaintiff's promise to submit its claims to arbitration."); *see also Cintas Corp. No. 2 v. Schwalier*, 901 So. 2d 307, 309 (Fla. 1st DCA 2005) ("A promise, no matter how slight, qualifies as consideration if the promisor agrees to do something that he or she is not already obligated to do.").

Separately, Plaintiff's employment with VIPS provided sufficient consideration for the Agreement. *See Cintas Corp. No. 2*, 901 So. 2d at 309 (finding continued employment was sufficient consideration to support an agreement to arbitrate); *see also Garcia v. Harmony Healthcare, LLC*, 2021 U.S. Dist. LEXIS 78975 (M.D. Fla. Apr. 26, 2021) (same).

7

**Specification of Essential Terms**: "The definition of 'essential term' varies widely according to the nature and complexity of each transaction and is evaluated on a case-by-case basis." *Lanza v. Damian Carpentry, Inc.*, 6 So. 3d 674 (Fla. 1st DCA 2009). In general, Florida courts have required that arbitration agreements "be definite enough so that the parties at least have some idea as to what particular matters are to be submitted to arbitration and set forth some procedures by which arbitration is to be effected." *Malone & Hyde, Inc. v. RTC Transp., Inc.*, 515 So. 2d 365, 366 (Fla. 4th DCA 1987) (citing *G & N Construction Co. v. Kirpatovsky*, 181 So. 2d 664 (Fla. 3d DCA 1966)); *see also Spicer v. Tenet Florida Physician Services, LLC*, 149 So. 3d 163, 165-66 (Fla. 4th DCA 2014).

Here, the Agreement begins by explaining that Plaintiff and VIPS are agreeing to submit to arbitration certain disputes and that Plaintiff's agreement is a condition of employment. Next, Section 4 of the Agreement clearly identifies the types of disputes that fall within the Agreement's scope. Then, in Section 6, the Agreement outlines the procedures by which arbitration will be commenced. And in Section 7, the Agreement references the specific rules and procedures governing how an arbitration will be conducted. Last, the Agreement specifies that neither party will have the right to a jury with respect to any claim covered by the Agreement.

In sum, the Agreement is definite enough to give the parties more than some idea as to what particular matters are to be submitted to arbitration and sets forth the procedures by which arbitration is to be effected. Courts in this District have

4872-6651-3674

found arbitration agreements such as this sufficient to satisfy the specification of essential terms element of contract formation. *See, e.g.*, *Mattson v. Wts Int'l*, 2021 U.S. Dist. LEXIS 52699, at *20 (M.D. Fla. March 20, 2021); *Lawhon*, 2020 U.S. Dist. LEXIS 80703, at *24. Accordingly, a valid written agreement to arbitrate exists.

### B.   Plaintiff's Claim Falls within the Agreement's Scope

The Court must also determine whether any "legal constraints external to the parties' agreement foreclosed arbitration." *Klay*, 389 F.3d at 1200. The Parties agree there are no legal constraints that would foreclose arbitration. For instance, Plaintiff does not argue the Agreement is procedurally or substantively unconscionable. Similarly, Plaintiff agrees VIPS has not waived its right to arbitration.

Further, the Court must decide whether the Court or the arbitrator is responsible for determining the arbitrability of Plaintiff's claims. *See Gray v. Uber, Inc.*, 362 F. Supp. 3d 1242, 1245 (M.D. Fla. 2019) (stating that the Court must first determine whether the parties entered into a binding agreement to arbitrate and, if so, whether the Court or the arbitrator must decide the threshold issue of arbitrability). Whether a contract's arbitration clause requires arbitration of a given dispute is a matter of contract interpretation." *Seaboard Coast Line R.R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982). In examining the language of the Agreement, courts must bear in mind that "any doubts concerning the scope of the arbitrable issues should be resolved in favor of arbitration." *Klay*,

389 F.3d at 1201. Here, the Parties agree that their Agreement requires the arbitration of all disputes relating to Plaintiff's employment, including termination, with VIPS. **Ex. 1**. The Agreement provides that arbitrable claims are those that are recognized under applicable federal law and specifically identifies claims for discrimination, including claims of sex and national origin discrimination. Thus, Section 4(a)(2) of the Agreement plainly covers discrimination claims under Title VII. Indeed, this District has compelled arbitration in matters arising under Title VII. *See, e.g.*, *Toro v. FL Calibre Bend, LLC*, 2019 U.S. Dist. LEXIS 47564 (M.D. Fla. Mar. 21, 2019).

### C.      The Court Should Stay this Action and Compel Arbitration

The FAA provides that, "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Eleventh Circuit has highlighted the propriety of staying an action pending arbitration in accordance with this section. *See Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("The district court properly found that state law claims were subject to arbitration; but erred in dismissing the claims rather than staying them. Upon finding that a claim

is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration.").

Because Plaintiff's claims are subject to arbitration, this Court should stay all further proceeding**s** until completion of the arbitration. *See, e.g.*, *Caley*, 428 F.3d at 1369 (11th Cir. 2005) (stating that the "FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding 'is referable to arbitration'" under a written arbitration agreement); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Wise Alloys, LLC*, 807 F.3d 1258, 1268 (11th Cir. 2015) (stating that a stay is proper where Section 3 of the FAA is applicable and a party requests a stay).

## III. <u>Conclusion</u>

As part of her employment with VIPS, Plaintiff entered into a binding arbitration agreement governing any claims against VIPS. Accordingly, because the Agreement is enforceable, the Parties request that the Court enter an Order compelling this matter to arbitration and staying the proceedings pending resolution of the arbitration.

WHEREFORE, for the foregoing reasons, the Parties respectfully jointly request that the Court enter an Order staying this case and compelling arbitration.

Dated January 28, 2022

4872-6651-3674

BUCHANAN INGERSOLL & ROONEY PC

By:   */s/ Cathy J. Beveridge*
      Cathy J. Beveridge (Bar No. 831018)
      401 East Jackson Street, Suite 2400
      Tampa, FL 33602-5236
      Phone: 813-222-1145
      Fax: 813-222-8189
      cathy.beveridge@bipc.com
      Mia C. Larson (Bar No: 1031991)
      mia.larson@bipc.com

      Attorneys for Defendant

      NILAN JOHNSON LEWIS PA
      Pablo Orozco
      Sara L. Lewenstein
      250 Marquette Avenue South, Suite 800
      Minneapolis, MN 55401
      Phone: 612-305-7500
      Fax: 612-305-7501
      porozco@nilanjohnson.com
      slewenstein@nilanjohnson.com

      Arbitration Counsel for Defendant


LAW OFFICES OF ARCHIBALD THOMAS III, P.A.

By:  /s/ Samuel Kanupp
      Samuel Kanupp Bar No. 67216
      4651 Salisbury Road, Suite 255
      Jacksonville, FL 32256
      Phone: 904-674-2222
      Fax: 904-296-2341
      samuel@job-rights.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that the foregoing document was electronically filed this 28th day of January 28, 2022 by using the CM/ECF to the following:

> Archibald J. Thomas, III, Esq.
> Samuel B. Kanupp, Esq.
> Law Offices of Archibald J. Thomas, III, P.A.
> 4651 Salisbury Road, Suite 255
> Jacksonville, FL 32256

> <u>/s/ Cathy J. Beveridge</u>

# EXHIBIT 1



## MUTUAL AGREEMENT TO ARBITRATE CLAIMS

1. **What is Arbitration?**

   a. Arbitration is a form of dispute resolution. Arbitration is the private resolution of a dispute by an experienced, neutral, third party (an arbitrator) selected by the parties. Arbitration is an alternative to the traditional filing of a lawsuit in court.

2. **Employee Acknowledgments**

   a. I recognize that disputes may arise between Voya Financial, Inc., including its subsidiaries and affiliates, (together, "the Company") and me in connection with my application for employment or during or following my employment with the Company, and that those differences may or may not be related to my employment. I understand that the Company is requiring me, as a condition of my employment or continued employment with the Company, to arbitrate claims in accordance with the procedures set forth in this Mutual Agreement to Arbitrate Claims ("Agreement").

   b. I understand and agree that by accepting employment or continuing my employment with the Company after first receiving a copy of this Agreement, I am agreeing to arbitrate claims in accordance with this Agreement and that disputes covered by this Agreement will be resolved in arbitration in accordance with this Agreement, even if I do not electronically sign this Agreement.

   c. I understand and agree that by entering into this Agreement, I anticipate gaining the benefits of an expedited, impartial, final, and binding procedure for resolving disputes that may arise with the Company.

   d. I understand that neither I nor the Company will have the right to a jury with respect to any claim covered by this Agreement.

3. **Consideration**

   a. This Agreement is a contract between me and the Company to arbitrate claims. My employment or continued employment with the Company after first receiving a copy of this Agreement is consideration for my agreement to arbitrate claims under this Agreement. Similarly, by employing or continuing to employ me, the Company is agreeing to arbitrate claims in accordance with this Agreement.

   b. The Company's agreement to arbitrate claims against me under this Agreement is also (and separate) consideration for my agreement to arbitrate claims under this Agreement. In other words, my and the Company's respective promises to arbitrate claims under this Agreement are consideration for one another.

 Initials



4. **What Claims are Covered or Not Covered by this Agreement?**

   a. <u>Claims Covered by This Agreement</u>.

      (1) The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, whether or not arising out of my employment (or its termination), that the Company may have against me or that I (and no other party) may have against any of the following: (i) the Company, (ii) its officers, directors, employees or agents in their capacity as such or otherwise, (iii) the Company's parent, subsidiary and affiliated entities, (iv) the Company's benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates and agents, and/or (v) all successors and assigns of any of them.

      (2) The only claims that are arbitrable are those that are recognized under applicable federal, state, local, or international law. Arbitrable claims include, but are not limited to: claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for retaliation or discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition); claims for benefits (except as provided below); and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance (except as provided below).

      (3) Neither I nor the Company will have the right to a jury with respect to any claim covered by this Agreement. The agreement to arbitrate under this Agreement remains applicable even if I am no longer employed by the Company at the time the arbitration is initiated.

   b. <u>Claims Not Covered by the Agreement</u>.

      (1) This Agreement does not prohibit the filing of or pursuit of relief through the following: (i) a court action for temporary equitable relief in aid of arbitration, where such an action is otherwise available by law, (ii) an administrative charge to any federal, state or local equal employment opportunity or fair employment practices agency, (iii) an administrative charge or other complaint or petition to the National Labor Relations Board, (iv) an agency charge or complaint to exhaust an administrative remedy, or (v) any other charge filed with or communication to a federal, state or local government office, official, or agency. If any government or administrative office, official, or agency issues me a "right to sue" letter or other notice releasing me to pursue my claims privately, however, I agree to pursue them in arbitration in accordance with this Agreement.

      (2) In addition, the following claims are not covered by this Agreement: (i) claims for workers' compensation or unemployment compensation benefits; (ii) claims that as a matter of law cannot be subject to arbitration; and (iii) claims under an employee benefit or pension plan that specifies a different arbitration procedure.

      (3) I understand that the claims described in this section are not subject to arbitration under this Agreement.

 Initials



5. **Waiver of Class and Collective Action Claims**

   a. All claims that are subject to this Agreement must be brought by me in my individual capacity, and not as a plaintiff or class member in any purported class, collective, or representative proceeding. The arbitrator shall not have the authority, jurisdiction, or power to hear, conduct, or process the arbitration as a class, collective, or representative action or to consolidate my claims with the claims of any other individual in one proceeding absent mutual consent of the parties. As such, to the extent permitted by law, I hereby waive the right to bring, maintain, join, participate in, or receive money from any class, collective, or representative proceeding against the Company.

6. **Commencing Arbitration**

   a. <u>Time Limits for Commencing Arbitration</u>. The Company and I agree that the aggrieved party must give written notice of any claim to the other party no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim. Otherwise, the claim shall be deemed waived. The filing of a government complaint shall not extend the statute of limitations for presenting any claim to arbitration. I understand that the aggrieved party is encouraged to give written notice of any claim as soon as possible after the event or events in dispute so that arbitration of any differences may take place promptly.

   b. <u>Required Notice</u>. Written notice to the Company, or its officers, directors, employees or agents, shall be sent to the Deputy General Counsel for Litigation at the Company's then-current address. I will be given written notice by the Company at the last address recorded in my personnel records. The written notice shall identify and describe the nature of all claims asserted, the facts upon which such claims are based, and the relief or remedy sought. The notice shall be sent to the other party by certified or registered mail, return receipt requested.

   c. <u>Representation</u>. Any party may be represented by an attorney or other representative selected by the party.

   d. <u>Place of Arbitration</u>. The arbitration shall take place in the city or county in which I applied for work, if I am not hired, or where I am or was last employed by the Company, if I am hired (or in the nearest city or county in which the arbitration provider designated below has an office), and no dispute affecting my rights or responsibilities shall be adjudicated in any other venue or forum.

7. **Arbitration Procedures**

   a. <u>JAMS</u>. The arbitration will be held before a single arbitrator under the auspices of JAMS (or any successor of JAMS). The arbitration will be held in accordance with the JAMS Employment Arbitration Rules & Procedures (and no other rules), which are currently available at http://www.jamsadr.com/rules-employment-arbitration. The Company will supply me with a printed copy of those rules upon my request. The arbitrator will apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted. The arbitrator is

 Initials



without jurisdiction to apply any different substantive law or law of remedies. The Federal Rules of Evidence will apply. The arbitration shall be final and binding upon the parties, except as provided in this Agreement.

b. <u>Arbitrator's Jurisdiction</u>. The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems advisable. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

c. <u>Court Reporter</u>. Either party, at its expense in the first instance, may arrange and pay for a court reporter to provide a stenographic record of proceedings.

d. <u>Non-appearance</u>. Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is presented.

e. <u>Post-Hearing Brief</u>. Either party upon its request shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

f. <u>Award</u>. The Arbitrator shall render an award and written opinion in the form typically rendered in arbitrations between an employer and an employee, normally no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later. The opinion shall include the factual and legal basis for the award.

g. <u>Jurisdiction Over Class and Representative Issues</u>. All issues relating to arbitrability, the scope or enforceability of this Agreement, or the validity, enforceability, and interpretation of its prohibitions of class and representative proceedings, shall be decided by a court of competent jurisdiction, and not by the arbitrator. Both I and the Company have the right to bring an action in any court of competent jurisdiction to compel arbitration of any claims that are subject to this Agreement and to enforce any arbitration award.

h. <u>Arbitration Fees and Costs</u>. The Company will be responsible for paying any filing fee and the fees and costs of the Arbitrator and arbitration provider; provided, however, that if I am the party initiating the claim, I will contribute an amount equal to the filing fee that I would have incurred if I had initiated the claim in a court of general jurisdiction in the state in which I applied for work or am (or was last) employed by the Company. Each party shall pay its own litigation costs and attorneys' fees, if any. However, if any party prevails on a statutory claim that permits the prevailing party to recover attorneys' fees and litigation costs, the Arbitrator shall rule upon a motion for attorneys' fees and/or litigation costs under the same standards a court would apply under the law applicable to the claim(s) at issue.

8. **"At Will" Employment**

a. This Agreement is not and shall not be construed to create any contract of employment, express or implied. This Agreement does not in any way alter the "at will" status of my employment with the Company, which means that either I or the Company may terminate

_____ Initials



our employment relationship at any time, with or without advance notice, and with or without cause, unless a separate written employment agreement between me and the Company provides otherwise.

## 9. Miscellaneous

a. <u>Interstate Commerce</u>.  I understand and agree that the Company is engaged in transactions involving interstate commerce.

b. <u>Federal Arbitration Act</u>.  Except as provided in this Agreement, the Federal Arbitration Act will govern the interpretation, enforcement and all proceedings pursuant to this Agreement.  To the extent that the Federal Arbitration Act is inapplicable, the arbitration law of the state in which I applied to work (if I am not hired) or last worked (if I am hired) with the Company will apply.

c. <u>Entire Agreement and Severability</u>.

(1) This Agreement reflects the complete agreement between me and the Company on the subject matter of this Agreement.  Neither I nor the Company should rely on any statements or representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement.  If any provision of this Agreement is determined by a court or government agency to be void or otherwise unenforceable, in whole or in part, such determination will not affect the validity of the remainder of this Agreement.  All other provisions will remain in full force and effect.

(2) If I have already signed an agreement to arbitrate claims with the Company, this Agreement will supersede and replace any such prior agreement.

## 10. Right to Review With Counsel

a. I understand that I have the right to discuss this Agreement with my private legal counsel, at my own expense, and agree that I have availed myself of that opportunity to the extent I wish to do so.

## 11. Electronic Signature

a. By my electronic signature below, I am agreeing to arbitrate claims in accordance with this Agreement.  Even if I do not electronically sign this Agreement, I understand and agree that by accepting employment or continuing my employment with the Company after first receiving a copy of this Agreement, I am agreeing to arbitrate claims in accordance with this Agreement and that disputes covered by this Agreement will be resolved in arbitration in accordance with this Agreement.

**EMPLOYEE/APPLICANT**

**Signature:**

**Date:**  11-20-2016